IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia Johnston, | ) Civil Action No.: 9:13-2098-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Patricia Johnston ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 25, 2014, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 19.) The plaintiff filed Objections on December 12, 2014 (ECF No. 21), and on January 5, 2015, the Commissioner filed a Reply (ECF No. 22). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 49 years old when she became disabled and had past relevant work experience as a grocery clerk. (R. at 58, 78, 90, 94, 108-109.) The plaintiff's application was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on March 6, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 55-79.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on August 2, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 19 at 15-16.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

3

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on December 12, 2014 (ECF No. 21), and the Commissioner filed a reply on January 5, 2015 (ECF No. 22).  The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's (1) alleged improper disregard of the examining physician opinion evidence and (2) failure to account for the plaintiff's inability to afford treatment. The Court will consider this objection.[1]

As an initial matter, the plaintiff has raised an important difficulty regularly present in these appeals.  The line between the Court's obligation to ensure that the evidence has been properly reviewed *legally* and its mandate not to reweigh that same evidence is extraordinarily fine.  The *legality* of the ALJ's consideration often lies precisely within the interplay of the relative value of the evidence - treating versus non-treating source opinions,

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

treatment records versus a disability questionnaire. There is a kind of hierarchy to the record, which legal rules govern, but that can feel nearly like a type of weighing. Generally, the magistrate judge, here, navigated this balance deftly and made a thorough examination of the ALJ's rationale with respect to the examining source opinions of Drs. James Ruffing and Patrick Mullen. And, the Court would adopt it as its own. But, the undersigned would make some additional comments about the magistrate judge's recommendation and the plaintiff's objections to it, with respect to these two opinions.

The plaintiff first objects that the magistrate judge did not consider three of her seven arguments and, therefore, necessarily found the errors alleged, harmless, and yet applied an improper harmless error standard. The plaintiff's harmless error contention, however, is misplaced. First, the magistrate judge never expressly concluded that any error of the ALJ was harmless. The plaintiff, by an act of deduction, assumes he must have because the magistrate judge ostensibly "ignored" alleged legal errors of the ALJ, as raised by the plaintiff, even as he affirmed the decision. Sometimes, however, the judge is simply not very persuaded. And, the whole of the recommendation in this case says as much. Our courts need not deflect, expressly, every argument. If the outcome is legally accurate, the parties are not entitled to all its rationale.

But, more importantly, the undersigned thinks the plaintiff has overstated the harmless error standard. She argues that to ignore errors of the ALJ as harmless, the evidence must be so "overwhelming" as to purport of no other outcome than the administrative one decided. *See Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir.2010)). This is too exacting and precise an articulation. The "overwhelming" standard is not the one most typically

5

applied to Social Security appeals, in this circuit. *See Garner v. Astrue*, 436 F. App'x 224, 225 n.* (4th Cir.2011) (finding drafting error to constitute harmless error); *Morgan v. Barnhart*, 142 F. App'x 716, 723 (4th Cir. 2005) (finding error by ALJ regarding time restrictions for sitting and standing to be harmless). Instead, it is more customarily said that an error is harmless where the ALJ "would have reached the same conclusion notwithstanding his initial error." *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). The plaintiff has tried to add more definition to the standard by requiring "overwhelming" evidence in support; indeed, she almost reverses it. Instead, of asking simply whether the decision could have been the same, *sans errata*, the plaintiff would demand proof that it could have been no other way. And in some circumstances, not present here, it may be justified. Both *Bishop* and *Spiva,* relied upon by the plaintiff, involved instances where the reviewing court considered *post-ho*c rationalizations not identified by the ALJ at all, in violation of *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943). Arguably, a heightened harmless error standard might be required to affirm the ALJ upon rationale he did not in fact use. Such is not the case here.

Here, the magistrate judge found that the ALJ's determination that Drs. Ruffing and Mullen were inconsistent with the longitudinal record was, in itself, substantial evidence, affirmatively. Unlike, in *Bishop*, he did not rely on arguments not made or rather post-hoc; the magistrate judge may have been unconcerned about misstatements or other incidental – harmless – errors in the rationale of the ALJ but he did not create any new one – rationale. This is a rather standard application of harmless error. Routinely, Courts have found harmless error where only one or a few reasons among many were improper, where the remaining bases constitute substantial evidence. *See, e.g., Copeland v. Bowen*, 1989

6

WL 90545 at *3 (4th Cir.1989) (finding harmless error where only one of the ALJ's several reasons supporting an adverse credibility finding was improper). Indeed, that's exactly what the Court did in *Mickles*, 29 F.3d at 918. Accordingly, to the extent the magistrate judge agreed with certain alleged errors of the plaintiff and yet found them harmless, he did so under a proper view of that rule. The Court would make some brief additional comment about the quality of the ALJ's consideration of those opinions.

      The ALJ's medical source opinion analysis is uncommonly thorough and detailed, especially as to Drs. Ruffing and Mullen. (R. at 72-79.) The undersigned has reviewed the rationale and the numerous concerns the plaintiff has about it. The magistrate judge's recommendation either rightly meets those concerns or they are otherwise without merit, either in law or effect. And, the plaintiff is wrong that once legal error is established, remand is required; that is what the harmless error rule rejects. The ALJs work thanklessly with tedious record to make a complicated regulatory determination; their decisions are an easy target – in aesthetic and content. And, where here, the ALJ has made a significant effort to properly weigh the evidence and explain himself, and taken together that evidentiary basis is of substantial impression as the magistrate judge explained, the Court will not reverse engineer it piecemeal, much in the way the plaintiff accuses the ALJ of doing with the medical record. The undersigned does not believe that the ALJ or the magistrate judge misunderstood the intermittent quality of the plaintiff's condition. So many impairments are. And, by definition, the disability determination is, in a sense, a kind of assessment as to whether the degree of intermittentness of the impairment precludes disability or not. There are good days and bad days for claimants. In this case, the ALJ explained at length why the overall story of the medical evidence amounted to an

intermittentness not indicative of disability.

Lastly, the plaintiff complains that the magistrate judge wrongly rejected that the ALJ had relied on the conservative treatment of the plaintiff in not finding disability. The plaintiff contends, ostensibly for the first time, that she now agrees that there was *no* indication in the text of the decision that the ALJ "based his findings as to the severity of Johnston's 'conditions on any inability of the Plaintiff to afford treatment.'   (Pl. Obj. at 11.)  But, she insists, in first person plural, "[T]his is our point. The ALJ did not consider Johnston's inability to afford treatment and should have done so." *Id.*  But, this rhetorical turn is a kind of proverbial horse switching, midstream.  In her initial brief, the plaintiff expressly complained that the "Commissioner's own rulings do not allow drawing an inference that Johnston is not impaired from her failure to obtain treatment or comply with treatment recommendations" – the argument the magistrate judge rejected. (Pl. Brief at 33.)  The plaintiff now suggests, on objection, that there was no discussion whatsoever by the ALJ of the plaintiff's inability to afford treatment.  But, in her initial brief, the plaintiff had already admitted that the ALJ alluded to it.  (Pl. Brief at 33-34.)  The plaintiff in the first instance argued that the ALJ relied on the conservative treatment to reject disability but now argues he never considered it at all.

The nuance in the presentation of the arguments, initially appealed and now on objection, is somewhat academic, however. The Court disagrees that the ALJ's recognition of conservative treatment (R. at 69) was a defining or even significant quality of the overall rationale for the decision.  Indeed, his comment to this effect came exclusively with respect to the diabetes impairment and was not some generalized view of the nature of her treatment record as conservatively not very impressive.  (R. at 69.)

Her difficulty in obtaining treatment, if any at all, was neither held against her nor ignored, whatever the plaintiff may mean. It is not even clear whether this issue was raised by the plaintiff, in the affirmative, such that the ALJ would have known the extent to which the plaintiff believed she was affected or meant to rely on such inability to pay in meeting her overall burden to persuade disability.

There is no error. Certainly, not one that could have amounted to a different decision in light of the remainder of the ALJ's decision.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

    /s/Bruce Howe Hendricks
United States District Judge

March 3, 2015
Greenville, South Carolina